IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**Consolidated for All Purposes**

JAMES CONNELLI,

    Plaintiff,

vs.

SURROGATES COURT,                                                      Civ. No. 01-233 MV/LFG

    Defendant.

APPELLATE SUPREME COURT,                               Civ. No. 01-359 BB/LFG

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motions for Reconsideration **[Doc. Nos. 11 & 12]**, filed September 6, 2001 and January 23, 2002, respectively, of the Court's Memorandum Opinion and Order Granting Limited Waiver of Costs and Order of Dismissal with Prejudice ("Prior Memorandum Opinion and Order"), entered April 19, 2001. The Court, having considered the motions, briefs, relevant law and being otherwise fully informed, finds that Plaintiff's motions are not well-taken and will be **DENIED.**

As set forth in the Prior Memorandum Opinion and Order, so as to ensure that a *pro se* litigant's claims are not inappropriately barred due to technical defect, the Clerk of the Court is authorized to accept for filing a *pro se* litigant's pleadings, and thereafter seek a court determination of whether the litigant qualifies for *in forma pauperis* treatment or, alternatively,

whether a filing fee should be paid. As a result of this practice, Mr. Connelli's motion papers have been filed, even without payment of a filing fee or court order authorizing *in forma pauperis* status.

The federal *in forma pauperis* statute, 28 U.S.C. §1915, authorizes a court to waive fees. The intent of this statute is "to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because . . . [lack of funds] makes it impossible for him to pay or secure the costs [of litigation]." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948).

Along with previous Court filings, Mr. Connelli submitted an affidavit indicating that he earns $965 per month, is the recipient of Social Security disability benefits, owns no real estate or significant assets, and is without funds sufficient to prosecute his litigation. Based on a review of his affidavit, this Court previously concluded that Mr. Connelli is indigent and authorized the filing of his complaint without the payment of a filing fee.

The Court is authorized to judicially notice its own records. Thus, while Mr. Connelli has not submitted an application for *in forma pauperis* status in the instant motions, the Court will judicially notice his prior affidavit and orders of the Court, and will determine that Mr. Connelli is indigent. The Court will grant a limited waiver of costs and accept his motion papers for filing.

Pursuant to the Federal Rules of Civil Procedure, every pleading subsequent to the original complaint must be served upon each of the parties and must be filed with the Court *together with a certificate of service*. *See* Fed. R. Civ. P. 5(a) and (d) (emphasis added). Similarly, pursuant to the Local Civil Rules of the United States District Court, District New

Mexico, where a party appears *pro se*, a movant must file and serve on all parties copies of his or her motion, and *must file proof of service. See* D.N.M. LR-Civ. 7.4 (emphasis added). In the instant case, Mr. Connelli did not file a certificate of service, or any other form of proof of service of his motion papers. Accordingly, his motions do not meet the requirements of the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court, District of New Mexico. For this reason alone, Mr. Connelli's motions should be denied.

Mr. Connelli's motions also fail on the merits. As an initial matter, the Federal Rules of Civil Procedure do not recognize a motion to reconsider. Therefore, the Court must construe such a motion in one of two ways. *See Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995). If the motion is filed within ten days of the district court's entry of judgment, it is treated as a Rule 59(e) motion to alter or amend the judgment. *See Id.* When it is filed more than ten days after entry of judgment, it is treated as a Rule 60(b) motion for relief from judgment. *See Id.* The Prior Memorandum Opinion and Order was entered on April 19, 2001. Mr. Connelli's motion papers were filed on September 6, 2001 and January 23, 2003, well beyond ten days after entry of judgment. Therefore, to the extent that Mr. Connelli's motions seek reconsideration of the Prior Memorandum Opinion and Order, the Court will construe them as motions for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure.

Plaintiff provides no legal authority to support his claim for relief under Rule 60. Rule 60(b) gives the Court authority to grant relief from a final judgment or order "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . (3) fraud, . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason

justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). District courts have "substantial discretion in connection with a Rule 60(b) motion." *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990). Plaintiff does not advance any particular ground on which he believes relief from judgment is warranted. The Court, therefore, will address each of the enumerated grounds in order to determine whether any of them provides a valid basis upon which to vacate the Prior Memorandum Opinion and Order.

"Rule 60(b)(1) motions premised upon mistake are intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999). There is no claim here that Mr. Connelli made an excusable litigation mistake, and as he is not represented by an attorney, there can be no claim that his attorney acted without authority. Mr. Connelli does appear to be arguing that the Court made a substantive legal error in its prior judgment. However, Mr. Connelli does nothing more than reiterate the issues he raised in his original pleadings, presenting precisely the same arguments that the Court has already considered and rejected. Absent extraordinary circumstances, "revisiting the issues already addressed 'is not the purpose of a motion to reconsider'" filed under Rule 60(b). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992). Accordingly, Rule 60(b)(1) is not a valid basis upon which to grant Mr. Connelli relief from the Prior Memorandum Opinion and Order.

Similarly, Mr. Conelli is not entitled to relief under Rule 60(b)(3). Although Rule 60(b)(3) provides that the Court may vacate a judgment for fraud, "the movant must prove that

the adverse party committed the fraud . . . by clear and convincing evidence. . . . Further, the movant can only establish fraud by showing the defrauding party acted with 'an intent to deceive or defraud the court,' by means of a 'deliberately planned and carefully executed scheme.'" *Daniels v. Hargett*, 107 F.3d 880, 1997 WL 107768 at **2 (10th Cir. 1997) (internal citations omitted).  As Mr. Connelli has shown no evidence of a deliberate scheme to defraud the Court, the Court is unable to vacate the Prior Memorandum Opinion and Order on the basis of fraud.

Mr. Connelli does not advance any arguments to suggest that he is seeking reconsideration on grounds of newly discovered evidence, nor does Mr. Connelli suggest that the judgment is void or has been satisfied, released, or discharged.  Therefore, Rules 60(b)(2), (4), and (5) provide no basis upon which to grant relief.  Rule 60(b)(6) provides that the Court may grant relief for "any other reason justifying relief from the operation of the judgment."  However, it is well settled that "a district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice."  *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996) (citing *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 729 (10th Cir. 1993)).  Indeed, Rule 60(b)(6) relief "is appropriate only 'when it offends justice to deny such relief.'" *Yapp*, 86 F.3d at 1232 (citations omitted).  The Court does not find that there are any extraordinary circumstances that would justify a grant of relief from judgment under Rule 60(b), or that the denial of such relief would offend justice.

Mr. Connelli has failed to comply with the procedural requirements applicable to his motions.  Moreover, Rule 60 of the Federal Rules of Civil Procedure provides no basis for this Court to grant relief from the Prior Memorandum Opinion and Order.  Accordingly, Mr. Connelli's motions must be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motions for Reconsideration **[Doc. Nos. 11 & 12]** are **DENIED.**

**DATED** this 3rd day of September, 2002.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

Pro Se Plaintiff:
James Connelli

Attorney for Defendant:
Katherine M. Moss